UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CENTER FOR ENVIRONMENTAL HEALTH**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **INHANCE TECHNOLOGIES USA**, <br><br> Defendant. | Civil Action No. 22-3819 (JEB) |

### MEMORANDUM OPINION

The Center for Environmental Health, joined by other environmental groups, alleges that Defendant Inhance Technologies USA has flouted Environmental Protection Agency rules designed to protect the public from harmful chemicals. Defendant now moves to dismiss, arguing that the suit is statutorily precluded because the United States filed a civil lawsuit based on the same conduct eight days before Plaintiffs did. As this position is correct, the Court will grant the Motion.

**I.     Background**

This case arises under the Toxic Substances Control Act, a law Congress enacted in 1976 to limit the public health risks posed by dangerous chemicals. See 15 U.S.C. § 2601 *et seq*. The statute contains a citizen-suit provision, similar to those in other environmental statutes, which authorizes civil suits "against any person . . . who is alleged to be in violation of" the TSCA or its implementing regulations. See 15 U.S.C. § 2619(a)(1). Importantly here, however, a citizen suit may not be initiated "if the Attorney General has commenced and is diligently prosecuting a civil action . . . to require compliance with" the Act or its regulations. Id. § 2619(b)(1)(B). That

1

rule, known as the diligent-prosecution bar, means that where the Department of Justice is undertaking an enforcement action, "the citizen suit is barred, presumably because governmental action has rendered it unnecessary." Gwaltney of Smithfield, Ltd v. Chesapeake Bay Found., Inc., 484 U.S. 49, 59 (1987). That rule ensures that citizen suits serve to "supplement rather than to supplant governmental action." Id. at 60.

Inhance is a plastics company that performs a process called "fluorination" to insulate its plastic storage containers. See ECF No. 14 (Motion to Dismiss) at 2; see also ECF No. 14-2 (Declaration of Subramanian Iyer), ¶¶ 3–4. This process, however, also allegedly produces certain chemicals known as "PFAS" (their full name is "per-and polyfluoroalkyl substances"), which are harmful to human health. See ECF No. 12 (Amended Complaint), ¶¶ 4, 71–74. Under the TCPA and EPA's implementing regulations, manufacturers must go through a certain regulatory process before they may produce PFAS. See 15 U.S.C. § 2604(a); 40 C.F.R. § 721.10536; Long-Chain Perfluoroalkyl Carboxylate and Perfluoroalkyl Sulfonate Chemical Substances, Significant New Use Rule, 85 Fed. Reg. 45109, 45113 (July 27, 2020). Inhance, Plaintiffs argue, has not done so. See Am. Compl., ¶¶ 4, 95–104.

On December 19, 2022, DOJ filed a civil lawsuit against Inhance in the Eastern District of Pennsylvania. See Am. Compl., ¶ 107; ECF No. 3 (DOJ Compl.), United States v. Inhance Techs. LLC, No. 22-5055 (E.D. Pa. Dec. 19, 2022); see also Dupree v. Jefferson, 666 F.2d 606, 608 n.1 (D.C. Cir. 1981) (allowing judicial notice of related proceedings). The Department's complaint alleges that Inhance is violating the TCPA and its implementing regulations by producing PFAS without appropriate EPA approvals. See DOJ Compl., ¶¶ 4–5. The lawsuit seeks declaratory and injunctive relief. Id.

Eight days later, on December 27, 2022, the environmental groups filed this lawsuit; they followed up with an Amended Complaint one month later. See ECF No. 1 (Compl.); Am. Compl. Plaintiffs here make the same factual allegations, assert the same claims, and seek the same relief as DOJ does. See, e.g., Am. Compl., ¶¶ 95–103; ECF No. 20 (United States Amicus Br.) at 9–12.

Inhance now moves to dismiss, arguing that the TSCA's diligent-prosecution bar requires dismissal of this separate action. The United States filed an amicus brief in support of Inhance's Motion, arguing that this lawsuit "is a textbook case for application of the diligent prosecution bar." United States Amicus Br. at 9. The Motion is now ripe.

**II.     Legal Standard**

The D.C. Circuit has yet to specify whether courts should analyze motions to dismiss that invoke the diligent-prosecution bar under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). Compare ECF No. 16 (Opp.) at 13–14, with ECF No. 19 (Reply) at 1. Because this case must be dismissed under even the more forgiving (for Plaintiffs) 12(b)(6) standard, the Court will assume without deciding that this standard applies here.

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief may be granted. In evaluating such a motion to dismiss, courts must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft

3

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570) — that is, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A court need not accept as true, then, "a legal conclusion couched as a factual allegation," Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)), nor "inferences . . . unsupported by the facts set out in the complaint." Id. (quoting Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). And it may consider not only "the facts alleged in the complaint," but also "any documents either attached to or incorporated in the complaint[,] and matters of which [courts] may take judicial notice." Equal Emp. Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

**III.    Analysis**

Defendant and amicus United States both contend that the diligent-prosecution bar requires dismissal of this case. The Court explains why they prevail, leaving Plaintiffs the options of intervening in DOJ's separate action or returning to court another day if Justice starts to slack at the reins.

A.  Diligent-Prosecution Bar

As mentioned above, the TCPA's diligent-prosecution bar precludes a private-citizen suit "if the Attorney General has commenced and is diligently prosecuting a civil action . . . to require compliance with" the Act or its regulations. See 15 U.S.C. § 2619(b)(1)(B). That bar contains two requirements. First, DOJ must have "commenced" a lawsuit challenging the same alleged violation. Second, and principally at issue here, Justice must be "diligently prosecuting" that lawsuit. When both requirements are met, a plaintiff's sole recourse is to intervene in the Government's existing enforcement action. Id.

Here, the first requirement is not in dispute. DOJ's Pennsylvania lawsuit concerns the same alleged facts, claims the same violations of the TSCA and its implementing regulations, and seeks the same relief against the same defendant as Plaintiff's lawsuit does here. See U.S. Amicus Br. at 9–12 (elaborating in detail). Plaintiffs do not argue otherwise. See Opp. at 4 ("While EPA may have filed suit eight days before plaintiffs, that is not enough to defeat a citizens' suit . . . [because] EPA must also be 'diligently prosecuting' its case.").

The dispute in this case is about the second requirement — that is, whether Justice is "diligently prosecuting" the action. The United States is presumed to diligently pursue its lawsuits. Piney Run Pres. Ass'n v. Cnty. Comm'rs, 523 F.3d 453, 459 (4th Cir. 2008) (noting that "diligence is presumed" for purposes of similar environmental statute's diligent-prosecution bar). A plaintiff "cannot overcome the presumption of diligence merely by showing that the agency's prosecution strategy is less aggressive than he would like." Id. DOJ's prosecution counts as sufficiently diligent "if the judicial action 'is capable of requiring compliance with the Act and is in good faith calculated to do so.'" Id. (quoting Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist., 382 F.3d 743, 760 (7th Cir. 2004)); see also Karr v. Hefner, 475 F.3d 1192, 1197 (2007) (statute "does not require government prosecution to be far-reaching or zealous. It requires only diligence."). Courts have found plaintiffs have sufficiently pled that the Department is not diligently prosecuting an action only in highly unusual cases, such as where DOJ has failed to enforce a consent decree for multiple years. See, e.g., Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth., 4 F.4th 63, 68, 74–75 (1st Cir. 2021). The relevant time period for this diligence analysis, moreover, is the window between when Justice filed its lawsuit and when Plaintiffs filed theirs. See Opp. at 17 (relevant inquiry is into "whether the

government was diligently prosecuting its action at the time when the citizen filed his or her complaint") (citing Knee Deep Cattle Co. v. Bindana Inv. Co., 94 F.3d 514, 516 (9th Cir. 1996)).

Such framing makes resolution of the Motion here straightforward. Nothing in the eight days between when DOJ filed its lawsuit and when Plaintiffs filed theirs suggests that Justice was not diligently prosecuting the case. On the contrary, DOJ in that brief time took several steps to move the case forward. Shortly after filing its redacted complaint, the United States moved to file an unredacted complaint under seal. See ECF No. 2 (Motion to Seal), United States v. Inhance Techs. LLC, No. 22-5055 (E.D. Pa. Dec. 19, 2022). It also then sent a waiver of service to counsel for Inhance. See ECF No. 5 (Waiver of Service), United States v. Inhance Techs. LLC, No. 22-5055. A week later (on the day Plaintiffs filed this suit), Inhance returned an executed copy of the waiver. Id. All of these steps demonstrate that Justice was energetically participating in the civil-litigation process. Nothing in that period comes close to showing that it was not diligently prosecuting this action.

B. Plaintiffs' Counterarguments

Plaintiffs' rejoinders do not change this result. They argue that three of DOJ's litigating decisions show a lack of diligence: its consent to waiver of formal service, failure to seek a preliminary injunction, and decision not to pursue criminal penalties. See Opp. at 16–18. The proper timeline for this analysis, once again, is the eight days between when Justice filed its lawsuit and when Plaintiffs filed theirs, as Plaintiffs appear to recognize. See Opp. at 17 (citing Knee Deep Cattle Co., 94 F.3d at 516). Even if the Court looks at DOJ's conduct over the several months since the suit was initiated (as Plaintiffs' arguments at other points suggest), Plaintiffs have still identified nothing that shows a lack of diligent prosecution.

Begin with DOJ's consent to waiver of formal service, which allowed Inhance additional time to respond to the Complaint. That is a standard practice in civil litigation. Rule 4 expressly authorizes such waiver because it "eliminate[s] the costs of service of a summons . . . and . . . foster[s] cooperation among adversaries and counsel." U.S. Amicus Br. at 17 (quoting Fed. R. Civ. P. 4(d) advisory committee's note to 1993 amendment). Following a standard process that the federal rules allow — indeed, encourage — does not indicate failure to prosecute. Likewise, Justice's decision not to seek a preliminary injunction is fully consistent with diligent prosecution. The fact that "the agency's prosecutorial strategy is less aggressive than [plaintiffs] would like" is not enough to show failure to prosecute, and that is all that Plaintiffs' injunction argument amounts to. See Piney Run, 523 F.3d at 459. Finally, the Department's decision not to initiate separate criminal proceedings says nothing about its diligence in prosecuting this civil action.

Plaintiffs' other arguments are even further afield. They contend that the EPA's conduct in the two-year period prior to the lawsuit evinces a lack of diligence. See Opp. at 16–18 ("The troubling history of EPA's lethargy in addressing Inhance's TSCA violations starting in late 2020 through December 2022 is a further important reason to question its will and commitment to prosecute its case diligently."). For purposes of the diligent-prosecution bar, however, what counts is whether the Department of Justice, not EPA, has diligently pursued a civil action once filed. The statute speaks of a "civil action in a court of the United States" that "the Attorney General has commenced and is diligently prosecuting" — references to Justice's litigation conduct, not to EPA's pre-litigation investigation. See 15 U.S.C. § 2619(b)(1)(B). The Court thus will not consider EPA's investigation-related conduct prior to the lawsuit. And even if it

7

did, the Court is skeptical that EPA's two-year investigation was so lackadaisical as to suggest that DOJ's litigation is presumptively deficient.

Plaintiffs also appear to suggest that that, under the Rule 12(b)(6) standard, the Court should take as true their allegation that the Department is not diligently prosecuting its case. See Opp. at 4 ("Under Rule 12(b)(6), the Court has no alternative but to conclude that at this time EPA is not 'diligently prosecuting' its case against Inhance."). That is wrong. Rule 12(b)(6) requires the Court to accept plaintiffs' well-pled facts, not their legal conclusions. Ashcroft, 556 U.S. at 678.

\*   \*   \*

The Court will thus dismiss the case without prejudice. Plaintiffs' proper recourse is to seek to intervene in the United States' action, as the TCPA allows them to do. See 15 U.S.C. § 2619(b)(1)(B). Alternatively, should DOJ's conduct over the coming years suggest that it is no longer diligently pursuing the case, Plaintiffs may return with a new action. See Adkins v. VIM Recycling, Inc., 644 F.3d 483, 492 (2011); Opp. at 17 n.12. For now, however, the diligent-prosecution bar requires dismissal.

**IV.   Conclusion**

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: April 6, 2023